UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN A. ASHBY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MINNESOTA BOARD ON<br>JUDICIAL STANDARDS,<br><br>　　　　Defendant. | Civil No. 08-4691 (JRT/AJB)<br><br>**REPORT AND<br>RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

**I. BACKGROUND**

This case stems from a "traffic court trial" conducted in May 2008 in the State District Court for Hennepin County, Minnesota. The present Plaintiff apparently was the defendant in that prior case. He now alleges that the presiding judge in the case, identified as "Judge Hedlund," gave an improper instruction to the jury. According to Plaintiff, the allegedly erroneous instruction "was formed and made to read distinctly different from the Minnesota statute at question," and "essentially made a new law and gave jurors no other choice but to find the plaintiff guilty of a fictitious crime." (Complaint, p. 3, ¶ 14.)

On June 8, 2008, Plaintiff wrote a letter to the current Defendant, the Minnesota Board On Judicial Standards, "to file a formal complaint of judicial misconduct" against Judge Hedlund. (Id., p. 2, ¶ 10.) Plaintiff apparently wanted Defendant to discipline Judge Hedlund for giving the allegedly erroneous jury instruction in Plaintiff's traffic court case. However, Defendant allegedly wrote a letter back to Plaintiff which indicated that it "could only process complaints alleging that a judge engaged in misconduct or improper behavior, as defined by a specific written code of ethics." (Id., p. 3, ¶ 11.) Upon receiving Defendant's letter, Plaintiff wrote another letter back to Defendant, "emphasizing the codes which were alleged to be violated and giving greater detail into the occurrences and the behavior of judge Hedlund." (Id., ¶ 12.) In response to that second letter, Defendant wrote another letter "stating the allegations presented were not the type of allegations the Board has authority to pursue." (Id., ¶ 13.)

Plaintiff is now attempting to sue Defendant, because Defendant allegedly failed to properly investigate his grievances against Judge Hedlund. Plaintiff claims that Defendant violated his rights under various federal civil rights laws, including the Civil Rights Act of 1964 and the Americans with Disabilities Act, ("ADA"). He also is seeking relief under "the Minnesota Human Rights Act." He apparently is seeking relief based on state common law tort principles, (for intentional causation of "aggravation and psychological harm"), as well. Plaintiff is asking for a judgment against Defendant that would award him "injunctive, compensatory and punitive relief."

**II. DISCUSSION**

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted, or

if the applicant is attempting to sue a party who is legally immune from suit. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of historical facts, which if proven true, would entitle the plaintiff to some legal redress against the named defendant(s) based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added).

In this case, Plaintiff claims that Defendant violated federal and state law by discriminating against him "based on race, gender, disability, and economic status." (Complaint, p. 4, ¶ 19.) However, Plaintiff has not alleged any facts to support any such claim. Plaintiff obviously is dissatisfied with Defendant's response to his grievances against Judge Hedlund, but he has alleged no facts suggesting that Defendant's response was motivated by any animosity (illegal or otherwise) against Plaintiff. To the contrary, Plaintiff's pleading clearly shows that Defendant simply concluded that Plaintiff's grievances against Judge Hedlund were not the type of grievances that Defendant is authorized to address. There are no factual allegations suggesting that Defendant's response was based on Plaintiff's "race, gender, disability [or] economic status."

Furthermore, the only named Defendant in this case, the Minnesota Board on Judicial Standards, is an agency of the State of Minnesota. (Complaint, p. 1, ¶ 2, p., 2, ¶ 9; see also Minn.Stat. § 490A.01.) Because Defendant is a state agency, it is constitutionally immune from suit in federal court. Glick v. Henderson, 855 F.2d 536, 540,

(8th Cir. 1988).  The Eleventh Amendment to the Constitution prohibits individuals from suing states and their agencies in federal court, unless the state has consented to being sued, (Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam)), or Congress has abrogated the state's immunity by some express statutory provision.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995).  Plaintiff's complaint includes no allegations suggesting that the Minnesota Board On Judicial Standards has consented to be sued in this matter, and Plaintiff has not identified any act of Congress that would abrogate Defendant's constitutional immunity.[1]

## III.  CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state any cause of action on which relief can be granted, and that the named Defendant is immune from suit in federal court.  The Court will therefore recommend that Plaintiff's IFP application be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii) and (iii).

Lastly, the Court notes that Plaintiff has already been warned about his propensity to file unsustainable lawsuits in this District, and about the possible need to restrict his right to file further actions.  (See Ashby v. SLM Corporation, Civil No. 08-870 (MJD/SRN); Report and Recommendation dated April 30, 2008, [Docket No. 4].)  The present case

---

[1] The Court recognizes that Congress has abrogated the states' immunity for certain types of ADA claims.  See e.g., United States v. Georgia, 546 U.S. 151, 159 (2006). However, Plaintiff's current complaint clearly fails to state any actionable ADA claim, because (i) it does not identify any qualifying disability, (ii) it does not allege any facts suggesting that Defendant was even aware of any disability, and (iii) it does not allege any facts suggesting that any disability played any role in Defendant's alleged wrongdoing.

provides additional justification for restricting Plaintiff's right to litigate in this District.

## IV. RECOMMENDATION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED;

2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).


Dated: August  26 , 2008

                          s/Arthur J. Boylan
                          ARTHUR J. BOYLAN
                          United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before  September 10, 2008  .