UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN A. ASHBY, | Civil No. 08-4691 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| MINNESOTA BOARD ON JUDICIAL STANDARDS, | |
| Defendant. | |

Kevin A. Ashby, 13726 Harrison Plaza, Suite 407, Omaha, NE 68137, plaintiff *pro se*.

This action is before the Court on plaintiff Kevin A. Ashby's objections to a Report and Recommendation issued by United States Magistrate Judge Arthur J. Boylan. The Magistrate Judge recommends denying Ashby's motion to proceed *in forma pauperis* ("IFP") and dismissing this action with prejudice, because Ashby's complaint fails to state a claim on which relief can be granted. After reviewing Ashby's objections *de novo*, *see* 28 U.S.C. § 636(b)(1); Local Rule 72.2(b), this Court adopts the Report and Recommendation for the reasons set forth below.

## BACKGROUND

Ashby states that in May 2008 he was the defendant in a traffic case in Minnesota state district court. (Compl. ¶14.) Ashby contends that one of the jury instructions given in that case was not an accurate statement of the law and that it left the jury no choice other than finding him guilty. (*Id.*)

Following the trial, Ashby sent a letter of complaint to the Minnesota Board on Judicial Standards ("the MBJS").[1]  (*Id*. ¶10.)  On June 19, 2008, the MBJS responded to Ashby by letter.  (Pl.'s Objection to Report and Recommendation, Docket No. 6, Ex. A.)[2]  The letter explained (1) that the MBJS's role is limited to assessing whether judges engaged in misconduct or improper behavior as defined in a specific written code of ethics; (2) that mere factual or legal mistakes, such as those alleged by Ashby, do not constitute misconduct; and (3) that if Ashby believed there had been legal mistakes at trial, he should seek review of the trial court's judgment within the court system.  (*Id*.)  Ashby responded to the MBJS with a second letter.  (*Id*. Ex. B.)  This letter again stated that the trial judge engaged in misconduct by giving erroneous jury instructions and making improper evidentiary rulings.  (*Id*.)

Ashby then filed this action against the MBJS, alleging that its failure to further investigate his allegations amounted to discrimination on the basis of "race, gender, disability, and economic status in violation of Title I and Title II of the Federal Civil Rights Act, the Minnesota Human Rights Act, the Civil Rights Act of 1964, and the Americans with Disabilities Act."  (Compl. ¶19.)  Ashby also brings a claim for intentional infliction of emotional distress.  After Ashby moved to proceed IFP, the

---

[1] The MBJS "is an independent state agency that receives and acts upon complaints about Minnesota judges for judicial misconduct or wrongdoing."  Minnesota Board on Judicial Standards, Mission, http://www.bjs.state.mn.us/body.html (last visited November 5, 2008).

[2] In considering whether to dismiss actions for failure to state a claim, courts may consider materials that are necessarily embraced by the pleadings.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal quotation marks omitted).  The letters referred to here are at the center of Ashby's action, and were referred to throughout his complaint.  Accordingly, the Court has considered them in assessing Ashby's objections.

Magistrate Judge concluded that he had failed to state a claim on which relief can be granted, and recommended that this action be dismissed with prejudice. Ashby now objects to that recommendation.

**ANALYSIS**

The Court may deny a motion to proceed IFP and dismiss the action if the plaintiff "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (stating that a district court is not required to assume facts that are not alleged in the complaint "just because an additional factual allegation would have formed a stronger complaint").

Here, the Magistrate Judge concluded that Ashby failed to state any facts suggesting that the MBJS acted out of a discriminatory animus. This Court agrees. Ashby has not described any contact with the MBJS other than their formal, written correspondence concerning his judicial complaint. Ashby has not alleged that the MBJS's response to his complaint – or any other communication from the MBJS – even refers to his race, gender, disability, or economic status, or otherwise contains any evidence of discriminatory animus. In those circumstances, the mere fact that the MBJS disagreed with Ashby's interpretation of Minnesota's code of judicial ethics is

insufficient to state a claim on which relief can be granted. Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge.

**ORDER**

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** Ashby's objections [Docket Nos. 6, 7] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 5] is **ADOPTED**. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees [Docket No. 2] is **DENIED**.

2. Plaintiff's complaint [Docket No. 1] is **DISMISSED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: December 15, 2008　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　United States District Judge